PHILIP REMBE, Respondent, *v.* THE NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Appellant.

*Court of Appeals, June 8, 1886.*

Affirming same case, 32 Hun, 68 Mem.

1. *Negligence. Questions for the jury.*—A railway company has a perfect right to lay down its track across a highway, but is bound to exercise proper care and skill in the performance of the work and to restore the highway, as far as practicable, to its former condition, so as to render it safe and not impair its usefulness; and while it is engaged in this work, it is also its duty to prevent any obstruction to persons passing, so far as that can be done. It is liable for negligence in this respect, in case the plaintiff's negligence does not contribute to the result; and defendant's negligence and plaintiff's contributory negligence are questions for the consideration of the jury.

2. *Same.*—In an action to recover damages for personal injuries suffered from driving over defendant's track at a point where it was constructing its track across the highway, the question whether

plaintiff erred in his judgment, or could in any way have avoided the accident by any greater degree of care than he exercised, is one for the jury to determine; and their finding upon the questions of negligence and contributory negligence, is conclusive upon the court of appeals.

Action to recover damages alleged to have been caused by defendant's negligence.

Appeal from judgment of the general term of the supreme court, affirming judgment in favor of plaintiff.

*P. B. McLennan*, for appellant.

*Abram A. Demarest*, for respondent.

PER CURIAM.—The defendant, at the time of the injury sustained by the plaintiff, to recover damages for which this action is brought, was constructing a portion of its road by laying down a track across a public highway in Rockland county, and in restoring the highway by making a crossing over the tracks. The ground was level at this point, and the ties were being laid upon the ground, and the rails then fastened, and the spaces between the rails filled in with plank. The top of the rails and the surface of the crossing were about eleven inches above the natural level of the ground. The planking was completed between the rails, and two planks had been laid down on the end of each tie on both sides of the track, and then, to allow wagons to pass over a plank was set aslant against these two planks on each side. A wagon had a short time before passed over in safety. Plaintiff came up with a high baker's wagon, and asked when he could get across. The foreman in charge of the work told him he would let him over as soon as he could. The plaintiff being somewhat deaf, did not hear the reply. A second request was made to wait for a moment, but he did not heed it. He swears that he saw the planks there, and, as far as he could see, it was all right, and that is the reason he went on. Then the foreman requested one

of his men to take the horse by the head, and lead him over, which he did. When he had reached the opposite side, and was passing down the sloping planks, the horse started, and ran against a post, when the man let loose, and then ran across the highway against a telegraph pole, and upset the wagon and injured the plaintiff. The horse had previously run away, and on that day acted wild and skittish.

The defendant had a perfect right to lay down its track across the highway, but was bound to exercise proper care and skill in the performance of the work and to restore the highway, as far as practicable, to its former condition, so as to render it safe and not impair its usefulness.

While engaged in the work it was also the duty of the defendant to prevent any obstruction to persons passing, so far as that could be done. If chargeable with negligence in this respect, the defendant would be liable therefor, if the plaintiff's neglience did not contribute to the result.

These were questions for the consideration of the jury. There was evidence upon the trial showing that there were planks upon the opposite side of the railroad from where the plaintiff stood, standing on edge which might have caused the plaintiff's wheel to drop suddenly and thus frighten the horses. Whether this or the accelerated motion of the wagon caused the accident was a question for the jury; and also whether the manner in which the plank was located was negligence was for their consideration. At the time of crossing, one of the men at work had hold of the horse, as the testimony shows; and this also was for the jury to consider in determining the question as to the defendant's negligence.

. In view of the facts presented, and as the jury have found that defendant was chargeable with negligence, their finding in this respect is conclusive against the defendant.

As to the contributory negligence of the plaintiff, it is not entirely clear that he was in fault. Although he proceeded to drive his team across before he heard any response to his

question, he had reason to suppose he might pass in safety. In fact one of the workmen took hold of his horse and might have stopped him, if the passage had not been considered entirely safe ; and it is not apparent that the plaintiff could not have passed in safety, but for the condition of the plank at the end of the crossing.

The question whether he erred in his judgment, or could in any way have avoided the accident by any greater degree of care than he exercised, was one for the jury to determine, and we cannot say that they erred in their finding that the plaintiff was not chargeable with contributory negligence.

It may also be remarked that the plaintiff might not have seen the condition of the crossing at the side opposite from where he was, and he had reason to believe from the act of one of defendant's workmen, in leading the horse over, that the crossing was in a condition entirely safe.

The judgment should be affirmed.

All concur.